**MAO YUN HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 06–1249–ag.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Senior Litigation Counsel, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Mao Yun Huang, a native and citizen of the People's Republic of China, seeks review of a February 28, 2006 order of the BIA affirming the April 29, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mao Yun Huang, a.k.a. Mau Yin Wuang*, No. A74 153 678 (B.I.A. Feb. 28, 2006), *aff'g* No. A74 153 678 (Immig. Ct. N.Y. City Apr. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Huang argues that his case should be remanded to the BIA for it to consider the impact on his family-planning asylum claim of the documents described in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir. 2006). Whether and under what circumstances this Court has the inherent authority to remand a case to the BIA for the consideration of additional evidence remains something of an open question. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007). However, we have held that, even if we have the inherent power to do so, we will not remand a case to the BIA if: 1) the purpose of the remand is the consideration of additional documentary evidence that was not in the record before the BIA; and 2) agency regulations set forth procedures to reopen a case before the BIA for the consideration of additional evidence. *Id.*

■ Here, the *Shou Yung Guo* documents were not in the record before the BIA because Huang did not submit them. *See id.* Moreover, agency regulations permit an applicant, like Huang, who purports to offer newly-discovered evidence that "is material and was not available and could not have been discovered or presented at the former hearing" to file a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c). Thus, the proper vehicle for Huang's request for consideration of additional documentary evidence is a motion to reopen filed directly with the BIA, not a petition for review in this Court. *Xiao Xing Ni*, 494 F.3d at 269–70. Accordingly, a remand from this Court to the BIA for the consideration of additional evidence is not warranted. *See id.*

■ Furthermore, we lack jurisdiction over Huang's CAT claim because Huang

failed to exhaust it by raising it on appeal to the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006). Accordingly, Huang's petition is dismissed to the extent that it challenges the denial of his application for CAT relief. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).